UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ROGER RUNGE,**

**Plaintiff,**

**v.** **Case No. 6:23-cv-1328-CEM-NWH**

**ERIC D. SMITH, CHAD OCHIVZZO, ASHLEE WINDLER, DOUGLAS ANDREACCHI, CHRISTOPHER EHLERS, and ORLANDO ROLON,**

**Defendants.**
_________________________________/

## ORDER

THIS CAUSE is before the Court on Defendants' Joint Motion to Dismiss Amended Complaint ("Motion to Dismiss" Doc. 69), to which Plaintiff filed a Response (Doc. 71). This cause is also before the Court on Plaintiff's Motion to Amend (Doc. 75), to which Defendants filed a Joint Response (Doc. 76). For the reasons set forth below, the Motion to Dismiss will be granted and the Motion to Amend will be denied.

### I. BACKGROUND

Plaintiff, proceeding *pro se*, initiated this action on July 14, 2023. (Compl., Doc. 1, at 8), bringing claims pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights, (*see generally id.*). Plaintiff's Amended Complaint (Doc.

11) was dismissed with prejudice in part and without prejudice in part. Plaintiff's false arrest claims were dismissed with prejudice as time barred; Plaintiff's malicious prosecution claims were dismissed without prejudice for failure to state a claim. (Oct. 30, 2025 Order, Doc. 67, at 8, 10). Although Defendants argued that the latter should also be dismissed as time barred, the Court could not determine from the face of the Amended Complaint when the malicious prosecution claim accrued, and therefore, could not conduct a statute of limitations analysis. (*Id.* at 5–6). Nevertheless, the Court determined that the Amended Complaint was a shotgun pleading that failed to state a claim. (*Id.* at 6–9). Plaintiff was granted limited leave to amend. (*Id.* at 8–9). Plaintiff was only permitted to refile his malicious prosecution claims, he was advised to avoid filing a shotgun pleading, and he was prohibited from bringing § 1983 claims based on vicarious liability. (*Id.*). Plaintiff has now filed his Second Amended Complaint (Doc. 68).

Plaintiff alleges that he was arrested on May 7, 2019, and charged as an accessory after the fact to attempted second degree murder. (*Id.* at 12). Defendant Christopher Ehlers and Defendant Douglas Andreacchi were the responding law enforcement officers on the scene of the incident. (*Id.* at 7, 12). Plaintiff alleges that Ehlers included false or misleading information in affidavit to obtain an arrest warrant for Plaintiff and that Andreacchi also signed the affidavit. (*Id*. at 12, 14). Plaintiff further alleges that Ehlers wrote another sworn statement, "which had conflicting information pertaining to" Plaintiff. (*Id.* at 13). As to the remaining

Defendants, Plaintiff only alleges that they were supervisors, and Plaintiff attempts to hold them liable for the purported false and misleading sworn statements. (*Id.* at 14–15). All charges against Plaintiff were dropped on May 23, 2019. (*Id.* at 13).

Plaintiff asserts a malicious prosecution claim against each Defendant. (*Id.* at 12–15). Defendants now jointly move to dismiss these claims, arguing that they are time-barred and, alternatively, fail to state a claim.

## II. LEGAL STANDARD

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." In determining whether to dismiss under Rule 12(b)(6), a court accepts the factual allegations in the complaint as true and construes them in a light most favorable to the non-moving party. *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1269 (11th Cir. 2009). Nonetheless, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Furthermore, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Ordinarily, in deciding a motion to dismiss, "[t]he scope of the review must be limited to the four corners of the complaint." *St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir. 2002).

## III. ANALYSIS

As an initial matter, Plaintiff was "not permitted to include any vicarious liability § 1983 claims in his Second Amended Complaint because such amendment would be futile." (Doc. 67 at 9). Plaintiff's claims against Defendants Eric Smith, Chad Ochivzzo, Ashlee Windler, and Orlando Rolon in their individual capacities are not based on those Defendants' individual actions, but instead, attempt to hold them liable for the actions of Ehlers. This violates the Court's limitations on amendment, and those claims are due to be stricken from the Second Amended Complaint.[1]

Regardless, those claims along with the remaining claims are also due to be dismissed with prejudice because they are time barred. "A dismissal on statute of limitations grounds is appropriate if it is apparent from the face of the complaint that the claim is time-barred." *Quire v. Smith*, No. 21-10473, 2021 U.S. App. LEXIS

[1] The claims against these Defendants in their official capacities also fail to state a claim because Plaintiff does not allege a policy, custom, or practice sufficient to hold a municipality liable. *See Hill v. Cundiff*, 797 F.3d 948, 977 (11th Cir. 2015) ("A municipality . . . may be held liable only if [the alleged] constitutional torts result from an official government policy, the actions of an official fairly deemed to represent government policy, or a custom or practice so pervasive and well-settled that it assumes the force of law.").

22647, at *2 (11th Cir. July 30, 2021) (citing *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004)). "The length of the statute of limitations in a § 1983 action is determined by the law of the state where the cause of action arose," *id.* (citing *Wallace v. Kato*, 549 U.S. 384, 387 (2007)), but "the accrual date of a § 1983 cause of action is a question of federal law," *Foudy v. Indian River Cnty. Sheriff's Office*, 845 F.3d 1117, 1124 (11th Cir. 2017) (quoting *Wallace*, 549 U.S. at 388).[2] In Florida, § 1983 malicious prosecution claims are subject to a four year statute of limitations, *Boling v. City of Longwood*, No. 6:21-cv-129-WWB-LRH, 2021 U.S. Dist. LEXIS 243234, at *15 (M.D. Fla. Dec. 20, 2021), and they accrue "when a criminal proceeding terminates in the plaintiff's favor." *Henriquez v. Ga. Dep't of Rev.*, No. 21-12567, 2023 U.S. App. LEXIS 18336, at *16–17 (11th Cir. July 19, 2023) (citing *McDonough v. Smith*, 588 U.S. 109, 123 (2019)). The criminal proceeding here terminated in Plaintiff's favor on May 23, 2019,[3] and Plaintiff initiated this case on July 14, 2023, more than four years later.

Plaintiff argues that his filing was nevertheless timely. He asserts that the statute of limitations did not begin to run on the day the proceeding was terminated,

---

[2] For this reason, Plaintiff's arguments regarding the delay of accrual under Florida law—commonly referred to as Florida's delayed discovery doctrine—are inapplicable. *See Hoke v. Walker*, No. 4:21-cv-128-MW/MAF, 2025 U.S. Dist. LEXIS 83757, at *3 (N.D. Fla. May 2, 2025) ("Florida's 'delayed discovery doctrine has not been extended to § 1983 claims.'" (quoting *Mack v. Loizzo*, 2009 U.S. Dist. LEXIS 116316, 2009 WL 4840200, at *4 (S.D. Fla. Dec. 14, 2009))).

[3] "[A] prosecutor's unilateral dismissal of charges against a plaintiff constitutes a favorable termination." *Laskar v. Hurd*, 972 F.3d 1278, 1285 (11th Cir. 2020).

but instead, on the day he became aware of the allegedly misleading affidavits. Plaintiff states this occurred in the months following July 14, 2019.

The statute of limitations for a § 1983 claim begins to run when "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights"; in other words, "when the plaintiff has a complete and present cause of action." *Bridges v. Poe*, 155 F.4th 1302, 1319 (11th Cir. 2025) (first quoting *Rozar v. Mullis*, 85 F.3d 556, 561 (11th Cir. 1996), then quoting *Wallace*, 549 U.S. at 388). Under this framework, a § 1983 claim accrues when "the plaintiff[] know[s] or should know (1) that they have suffered the injury that forms the basis of their complaint and (2) who has inflicted the injury." *Chapman v. Dunn*, 129 F.4th 1307, 1315 (11th Cir. 2025) (quotation omitted). The "§ 1983 accrual doctrine says nothing about a plaintiff knowing the 'viability' of the claim—rather, simply knowing 'they were injured' and 'who inflicted the injury' is enough." *McGroarty v. Swearingen*, 977 F.3d 1302, 1309 (11th Cir. 2020) (quotation omitted).

"'[T]he relevant injury' for a claim of malicious prosecution under the Fourth Amendment, 'is the seizure that followed the arrest warrant.'" *Laskar v. Hurd*, 972 F.3d 1278, 1297 (11th Cir. 2020). Obviously, Plaintiff was aware of his seizure—*i.e.*, his arrest and confinement—at the time it occurred. It is also clear from the face of the Second Amended Complaint that he was aware of who caused that seizure. (Doc. 68 at 12 (alleging that Ehlers and Andreacchi were the responding officers on

the scene of the incident, that Plaintiff made a statement to Ehlers at that time, and that he was arrested and charged in reference to that incident)). Thus, the malicious prosecution claim accrued, and the statute of limitations began to run on May 23, 2023, when the charges were dropped.

Plaintiff also argues that equitable tolling should be applied in this case to extend the statute of limitations.[4] "As with the statute of limitations, in a § 1983 action, federal courts generally refer to state law for tolling rules." *Taylor v. City of Mobile Police Dep't*, No. 24-11888, 2024 U.S. App. LEXIS 27546, at *11 (11th Cir. Oct. 30, 2024). In Florida, "the tolling doctrine has been applied when the plaintiff has been misled or lulled into inaction, has in some extraordinary way been prevented from asserting his rights, or has timely asserted his rights mistakenly in the wrong forum." *Machules v. Dep't of Admin.*, 523 So. 2d 1132, 1134 (Fla. 1988). No such circumstances exist here.

Plaintiff asserts that he was unable to obtain the allegedly misleading affidavits for several months after his charges were dropped due to the ongoing criminal prosecution of his co-defendant. But even with the delay, Plaintiff had access to those documents for more than three years before filing suit. A few months of delay in obtaining the relevant documentary evidence, when Plaintiff was already on notice of his injury and who caused it, does not constitute extraordinary

[4] Plaintiff also references statutory tolling under section 95.051 of the Florida Statutes, but he apparently recognizes that none of the requisite circumstances are present in this case. (Doc. 71 at 6).

circumstances sufficient to invoke equitable tolling. Plaintiff has not identified that he was misled, and he certainly has not provided any extraordinary circumstances as to why he was prevented from filing this suit within the applicable statute of limitations. The Court will not apply equitable tolling here.

## IV. Motion to Amend

Plaintiff filed a separate Motion to Amend (Doc. 68) and attached his proposed Third Amended Complaint (Doc. 75-1). Under Federal Rule of Civil Procedure 15, "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "The district court, however, need not allow an amendment . . . where [it] would be futile." *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005) (per curiam) (quotation omitted). Plaintiff's proposed Third Amended Complaint provides additional details about what he alleges happened on the day of his arrest. (*See generally* Doc. 75-1). But it does not change the statute of limitations analysis set forth above. Therefore, amendment would be futile.

## V. Conclusion

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1. Defendants' Joint Motion to Dismiss Amended Complaint (Doc. 69) is **GRANTED**.
2. Plaintiff's Motion to Amend (Doc. 75) is **DENIED**.

3. The Second Amended Complaint (Doc. 68) is **DISMISSED with prejudice**.
4. The Clerk is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida on September 10, 2026.

CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party